***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Fireman's Insurance Company of Washington, D.C., is the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage is $521.22.
 *********** EXHIBITS
The following exhibits were admitted into evidence by the Deputy Commissioner:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement;
 (b) Stipulated Exhibit 2: Plaintiff's Medical Records; Industrial Commission; Forms and Orders; and Plaintiff's Discovery Responses;
 (c) Stipulated Exhibit 3: Form 22;
 (d) Stipulated Exhibit 4: Plaintiff's Recorded Statement; and
 (e) Defendants' Exhibit 1: Employer-Defendant's Daily Report of Job Assignments and Time Worked by Employees.
 *********** ISSUES (a) Whether the plaintiff suffered a compensable injury to his back arising out of and in the course of his employment on September 27, 2005; and
 (b) If so, to what benefits is the plaintiff entitled.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. The plaintiff was employed by the defendant-employer as an equipment operator. In this position, the plaintiff operated large heavy equipment such as articulating trucks, track dozers, and other earth moving equipment.
2. On September 27, 2005, the defendant-employer was involved in a large earth moving project that required the plaintiff to operate an articulating truck, which the plaintiff described as a massive truck used to move large amounts of dirt or other material for construction projects. The plaintiff testified that these trucks were often "bouncy" because of the big tires and it is common for the truck to be operated on areas with uneven dirt, boulders, and holes.
3. While operating an articulating truck on September 27, 2005, the plaintiff ran over an unidentified object in the road, such as a boulder or a hole. The impact caused the plaintiff's seat belt to engage and the hood of his truck to pop open. The plaintiff testified that the seatbelt "grabbed" him and forced his body back down into the seat. At the time of this incident, the plaintiff felt pain in his back that he likened to a muscle strain or pull on the right side of his lower back.
4. Following the incident, the plaintiff switched from the articulating truck to a track bulldozer that would have less bouncing. The plaintiff completed his shift and reported the incident to his supervisor, Gary Kozlowski, at the end of his shift. After work, the plaintiff went home and put "icy-hot" on his back. *Page 4 
5. The next day, September 28, 2005, the plaintiff felt shooting pain down his leg. He did not go to work that day due to a morning court date. Following court, the plaintiff rested at home the remainder of the day.
6. The plaintiff returned to work on September 29, 2005, and was put back on the articulating truck to help train another employee. The plaintiff sat in the jump seat of the truck and testified that his back was "inflamed with pain" and his leg was burning. The plaintiff was then instructed him to operate a farm tractor. The plaintiff did not feel he could operate the farm tractor due to his back pain, and was instructed to speak with Mr. Kozlowski. The plaintiff informed Mr. Kozlowski that his back was still hurting, and Mr. Kozlowski told him that he would need to see a doctor before he could continue working. The plaintiff phoned his wife, who took him to the Moses Cone Hospital Emergency Room.
7. Mr. Kozlowski testified that he did not recall the plaintiff reporting a work-related incident to him on September 27, 2005, but did recall the plaintiff telling him about the incident and resulting back pain on September 29, 2005, when Mr. Kozlowski instructed the plaintiff to see a doctor before continuing with work. The Full Commission finds the plaintiff's testimony regarding the reporting of the incident to Mr. Kozlowski to be credible, and additionally finds that the plaintiff gave proper notice of the September 27, 2005 work-related incident and resulting injury to his employer by September 29, 2005, at the latest.
8. The initial emergency room report from the plaintiff's visit to Moses Cone Hospital Emergency Room on September 29, 2005, noted: "back pain from trauma, `bumpy' as driving heavy equipment." The plaintiff was diagnosed with low back pain, and was instructed to follow-up with an orthopaedist. *Page 5 
9. The plaintiff saw Dr. Blackman, an orthopaedist in Greensboro, North Carolina, on October 6, 2005. Dr. Blackman noted that the plaintiff had "a recent history of new onset of low back pain and left leg pain. He reports that he had been doing fine until working on a big tractor-type truck he work on. He went over a bolder [sic] and a tight seatbelt around his waist caused him to whip around." Dr. Blackman diagnosed low back pain with musculoskeletal pain and a possible herniated disc. He ordered an MRI and directed the plaintiff to stay out of work until the MRI could be performed.
10. As of the date of hearing before the Deputy Commissioner, the plaintiff had not obtained the MRI ordered by Dr. Blackman because the defendants had denied the compensability of the plaintiff's claim. The plaintiff does not have the financial ability to pay for the MRI.
11. Based upon the greater weight of the competent evidence of record, including the testimony of Dr. Blackman, the Full Commission finds that the plaintiff injured his back as a result of the incident at work on September 27, 2005.
12. As a result of his injury, the plaintiff has been unable to work since September 29, 2005. As of the date of hearing before the Deputy Commissioner, the plaintiff was not medically released to return to any employment until the MRI could be performed.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 6 
 CONCLUSIONS OF LAW
1. The plaintiff sustained an injury to his back as a result of a specific traumatic incident arising out of and in the course of his employment with the defendant-employer on September 27, 2005. N.C. Gen. Stat. § 97-2(6).
2. The plaintiff, as a result of his compensable back injury, is entitled to temporary total disability compensation at the weekly rate of $347.48 from September 29, 2005, and continuing until he returns to work or until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. The plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of the compensable injury as may be reasonably required to effect a cure, provide relief, or lessen the period of disability, including the MRI ordered by Dr. Blackman. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
4. The plaintiff may select a physician of his or her own choosing to assume medical care, subject to approval by the Commission. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. The defendants shall pay to the plaintiff temporary total disability compensation at the weekly rate of $347.48 from September 29, 2005, and continuing until he returns to work or until further order of the Commission, subject to the attorney's fee approved herein. The portion of this award that has accrued shall be paid to the plaintiff in a lump sum. *Page 7 
2. The defendants shall pay for medical expenses incurred or to be incurred as a result of the plaintiff's compensable back injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including the MRI ordered by Dr. Blackman.
3. Dr. Christopher Blackman is approved as the plaintiff's treating physician.
4. The defendants shall pay directly to the plaintiff a reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded herein. The portion of this fee that is based upon compensation that has accrued shall be paid to the plaintiff's counsel in a lump sum; thereafter, the plaintiff's counsel shall receive every fourth check of compensation due the plaintiff.
5. The defendants shall pay the costs.
This 18th day of April 2007.
S/____________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________________ BUCK LATTIMORE CHAIRMAN
 S/____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1